UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

CORNELL SMITH,

          Plaintiff,

     v.                                          Case No. 21-C-242

SANCHEZ, et al.,

          Defendants.

---

## SCREENING ORDER

---

Plaintiff Cornell Smith, a state prisoner who is currently representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. His complaint is more than 200 pages long and names nearly 30 defendants. Smith also filed a motion for leave to proceed without prepayment of the filing fee (*in forma pauperis*), along with a certified copy of his prison trust account statement for the six months prior to him filing his complaint. Smith paid a $20.96 initial partial filing fee on March 30, 2021.

Under the Prison Litigation Reform Act (PLRA), a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis*

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. §1915(g). When determining whether a prisoner has acquired three "strikes" under §1915(g), a court "must consider prisoner actions dismissed on any of the three enumerated

grounds both before and after the enactment of the PLRA." *Evans v. Ill. Dep't of Corrs.*, 150 F.3d 810, 811 (7th Cir. 1998) (citing *Abdul–Wadood v. Nathan*, 91 F.3d 1023, 1025 (7th Cir. 1996)).

Court records indicate that Smith has accumulated at least three strikes, including: 1) *Smith v. Winning*, Case No. 93-C-1009, Dkt. Nos. 11, 22 (E.D. Wis. July 5, 1994) (dismissed for failure to state a claim); 2) *Smith v. Huibregtse*, Case No. 00-cv-1117, Dkt. No. 14 (E.D. Wis. June 6, 2001) (dismissed as frivolous); and 3) *Smith v. Erickson*, Case No. 13-cv-600, Dkt. Nos. 6, 29 (W.D. Wis. Aug. 16, 2016) (dismissed for failure to state a claim). Because Smith has previously filed at least three actions which were dismissed as frivolous, malicious, or for failure to state a claim, the Court will deny his motion for leave to proceed without prepayment of the filing fee unless he is under imminent danger of serious physical injury.

In order to meet the imminent danger requirement of 28 U.S.C. § 1915(g), a plaintiff must allege a physical injury that is imminent or occurring at the time the complaint is filed, and the threat or prison condition causing the physical injury must be real and proximate. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (citing *Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002); *Heimermann v. Litscher*, 337 F.3d 781 (7th Cir. 2003)). "Allegations of past harm do not suffice" to show imminent danger. *Id.* Generally, courts "deny leave to proceed IFP when a prisoner's claims of imminent danger are conclusory or ridiculous." *Id.* at 331 (citing *Heimermann*, 337 F.3d at 782).

The Court is unable to determine whether Smith may proceed *in forma pauperis* because his complaint violates Federal Rule of Civil Procedure 8, making it impossible to determine if he states claims of imminent danger. To state a claim under the federal notice pleading system, a plaintiff must provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff should not plead every fact supporting his claims; he

2

only has to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). There is a reason that the rule specifies a "short and plain" statement. "Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud." *U.S. ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003). "[L]ength may make a complaint unintelligible, by scattering and concealing in a morass of irrelevancies the few allegations that matter." *Kadamovas v. Stevens*, 706 F.3d 843, 844 (7th Cir. 2013) (quoting *U.S. ex rel. Garst*, 328 F.3d 374, 378 (7th Cir. 2003)). "District judges are busy, and therefore have a right to dismiss a complaint that is so long that it imposes an undue burden on the judge, to the prejudice of other litigants seeking the judge's attention." *Id.*

Smith's complaint does not include "a short plain statement of the claim showing that the pleader is entitled to relief," as the rule requires. Fed. R. Civ. P. 8(a)(2). Instead, it rambles on for more than 220 pages and names nearly thirty individuals as defendants. The allegations are repetitive and unclear as to who did what, when and what happened as a result.

Smith's complaint also appears to run afoul of the rule against joining multiple unrelated claims against different defendants in the same pleading. "Unrelated claims against different defendants belong in different suits," so as to prevent prisoners from dodging the fee payment or three strikes provision in the Prison Litigation Reform Act. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Specifically, Rule 18(a) provides that "[a] party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternate claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a). Under this rule, "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim

3

B against Defendant 2." *George*, 507 F.3d at 607. Also, under Rule 20, joinder of multiple defendants into one action is proper only if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20. A complaint that violates Rules 18 and 20 must be dismissed.

The Court finds that Smith's complaint violates Rule 8(a)(2) and likely violates Rules 18 and 20. Therefore, the Court will dismiss the original complaint submitted on February 22, 2021. If Smith wishes to proceed, he must file an amended complaint curing the deficiencies in the original complaint as described herein. The Court will provide Smith a copy of its amended complaint form. **Smith must use the Court's form**. *See* Civil L.R. 9(b). If the space in the form is insufficient, Smith may add up to **five** additional pages. An amended complaint must be filed on or before **May 3, 2021**. Failure to file an amended complaint within this time period may result in dismissal of this action.

The amended complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056 (7th Cir. 1998). In *Duda*, the appellate court emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading." *Id.* at 1057 (citation omitted). If the amended complaint is received, it will become the operative complaint in this action.

Further, Smith is advised that 42 U.S.C. §1983 "creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional violation." *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir.

4

1996). Moreover, the doctrine of respondeat superior (supervisory liability) does not apply to actions filed under 42 U.S.C. §1983. *See Pacelli v. deVito*, 972 F.2d 871, 877 (7th Cir. 1992). Nor does §1983 create collective or vicarious responsibility. *Id.* Thus, with respect to any claim or claims advanced in his amended complaint, Smith must identify the individual defendants and specify the manner in which their actions, or failure to take action, violated his constitutional rights.

If Smith files an amended complaint that complies with the requirements outlined in this order, the Court will consider whether he may proceed *in forma pauperis*. If he is not allowed to proceed *in forma pauperis*, he will be required to pay the balance of the filing fee ($381.04) before he will be allowed to continue with this case.[1] If he is allowed to proceed *in forma pauperis*, the Court will screen his amended complaint as required by 28 U.S.C. §1915A.

**IT IS THEREFORE ORDERED** that the complaint submitted on February 22, 2021 is **DISMISSED**.

**IT IS FURTHER ORDERED** that, if Smith wants to continue with this case, he must file an amended complaint on or before **May 3, 2021**, which contains only related claims in accordance with this order.

**IT IS FURTHER ORDERED** that, if Smith does not file an amended complaint by **May 3, 2021**, this action will be dismissed based on the original complaint's failure to state a claim and Smith will be assessed a strike under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the Clerk's Office mail Smith a blank prisoner amended complaint form and a copy of the guide entitled "Answers to Prisoner Litigants' Common

---

[1] Under 28 U.S.C. §1915(b)(1), any prisoner who brings a civil action is required to pay the filing fee even if the case is dismissed prior to the court screening the complaint. As such, even if this action is dismissed because Smith fails to file an amended complaint or fails to prepay the remainder of the filing fee after being denied *in forma pauperis status*, Smith will still owe the full filing fee and will be required to make monthly payments a described in 28 U.S.C. §1915(b)(2).

Questions" along with this order. **Smith must use the Court's form**. He may add up to five additional pages if he believes he needs more space than the form provides.

**IT IS FURTHER ORDERED** that, pursuant to the Prisoner E-Filing Program, Smith shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is in effect at Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility. If Smith is no longer incarcerated at a Prisoner E-Filing Program institution, he will be required to submit all correspondence and legal material to:

> Honorable William C. Griesbach
> c/o Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 125 S. Jefferson Street, Suite 102
> Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Green Bay, Wisconsin this 2nd day of April, 2021.

> s/ William C. Griesbach
> William C. Griesbach
> United States District Judge