UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

CORNELL SMITH,

        Plaintiff,

      v.                                             Case No. 21-C-242

SGT. SANCHEZ, et al.,

        Defendants.

---

## SCREENING ORDER

---

      Plaintiff Cornell Smith, who is currently serving a state prison sentence at the Waupun Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. The Prison Litigation Reform Act applies to this case because Smith was incarcerated when he filed his complaint. *See* 28 U.S.C. §1915(h). On April 2, 2021, the Court dismissed Smith's complaint for violating Rules 8, 18, and 20 of the Federal Rules of Civil Procedure and gave him an opportunity to file an amended complaint, which he did about a month later on April 30, 2021. Dkt. Nos. 8, 9. On May 5, 2021, the Court denied Smith's motion to proceed *in forma pauperis* after concluding that he, on at least three prior occasions, brought actions that were dismissed on the grounds they were frivolous, malicious, or failed to state a claim. Dkt. No. 11. The Court ordered that, to proceed with this action, Smith had to pay the full filing fee. On June 3, 2021, the Court allowed Smith to file a second amended complaint, and a little more than a week later, Smith paid the filing fee. Dkt. Nos. 14, 15. This matter comes before the Court to screen the second amended complaint.

## SCREENING OF THE SECOND AMENDED COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

Also, as instructed by the Seventh Circuit Court of Appeals, under the controlling principle of Rule 18(a), "[u]nrelated claims against different defendants belong in different suits" so as to prevent prisoners from dodging the fee payment or three strikes provisions in the Prison Litigation Reform Act. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Specifically, Rule 18(a) provides that "[a] party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternate claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a). Under that rule, "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George*, 507 F.3d at 607.

Moreover, Rule 20 applies as much to prisoner cases as it does to any other case. *Id.* Under Rule 20, joinder of multiple defendants into one action is proper only if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20. Under Rule 21, "the court may at ay time, on just terms, . . . drop a party" that is improperly joined in an action.

### THE COURT'S ANALYSIS

Smith's second amended complaint violates Rules 18 and 20 insofar as it advances unrelated claims against nearly twenty defendants. Specifically, Smith alleges that different officials issued him allegedly false conduct reports in connection with unrelated incidents in 2014, 2015, 2017, 2019, and 2021. He sues other officials based on allegations of excessive force, and yet other officials based on the alleged improper cancelation of his single-cell restriction and the conditions of his shared cell.

Smith attempts to link these incidents together by alleging the existence of a nearly decade-long conspiracy between the various officials and two different wardens, who he repeatedly asserts agreed to "get him." But Smith's assertions of a conspiracy are not supported by factual allegations. While the pleading standard in Rule 8 does not require "detailed factual allegations, it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Simply asserting the existence of a conspiracy is insufficient to state a claim because "[t]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* Because the Court cannot reasonably infer that an overarching conspiracy

connected all of these claims, the Court finds that the second amended complaint, which is merely a hodgepodge of unrelated claims, violates Rules 18 and 20.

As explained, under Rule 21, the Court may dismiss parties who are improperly joined in a single action. The Court has reviewed Smith's second amended complaint and finds that his most detailed allegations are against Defendants Griffith and Vanburne in connection with the cancelation of his single-cell restriction in 2019. Dkt. No. 15 at 17-19. He asserts that for many years he enjoyed a single-cell restriction, which was abruptly canceled "without any rational basis whatsoever." *Id.* at 17. According to Smith, Griffith and Vanburne also scheduled his visitor passes to interfere with his medical services. He further asserts that they placed him in a cell with others who were "loud, disrespectful, and very nois[y]" in order to provoke a confrontation. *Id.* at 18. Finally, Smith states that the cell he was placed in was filthy, with mucus and toothpaste on the walls, had not been cleaned in years, and was too small to move around.

Smith's allegations against the remaining defendants involve separate incidents of alleged misconduct that are unrelated to his allegations against Griffith and Vanburne. Accordingly, because those defendants are not properly joined in this action, the Court will dismiss all defendants other than Griffith and Vanburne.

Although Smith's allegations against Griffith and Vanburne are the most detailed in his second amended complaint, they are insufficient to state a claim. Smith asserts that they canceled his single-cell restriction for no reason, but he offers no information explaining why a single-cell restriction was needed. "[I]nmates do not have a federally protected liberty interest in their prison placement . . . ." *Hurst v. Snyder*, 63 F. App'x 240, 241 (7th Cir. 2003). So the mere fact that this restriction was canceled does not give rise to a constitutional claim under the Fourteenth Amendment. Without information about why Smith had been given a single-cell restriction for so

many years and whether those circumstances persisted at the time the restriction was canceled, the Court is left to speculate whether Smith's rights under the Eighth Amendment are implicated.

Further, the Court cannot reasonably infer from Smith's allegations that the conditions he endured were objectively serious enough to implicate the Eighth Amendment. Smith asserts that his cellmates were noisy, the cell was small, and the walls had mucus and toothpaste on them. The Seventh Circuit long ago explained that prison conditions may be "harsh and uncomfortable without violating the Eighth Amendment's prohibition against cruel and unusual punishment." *Dixon v. Godinez*, 114 F.3d 640, 642 (7th Cir. 1997). The conditions Smith alleges are not so extreme as to amount to the denial of "the minimal civilized measures of life's necessities." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Thus, Smith fails to state a conditions-of-confinement claim.

The Court will allow Smith to amend his pleading one final time to cure the deficiencies identified in this decision. Smith's third amended complaint must focus on the cancelation of his single-cell restriction and the consequences of that cancelation on his living conditions. He may not include allegations about other unrelated incidents. Although his third amended complaint does not have to be overly detailed or contain legal citations, it must contain enough factual information to raise his claim for relief above the speculative level. The Court urges Smith to avoid using legal terms and jargon. Doing so confuses the issues and makes it difficult for the Court to understand what Smith believes the defendants did or did not do to violate his rights. Finally, pursuant to Civil L.R. 9(b), **<u>Smith must use the Court's form to prepare his third amended complaint</u>**. If the space provided in the form is insufficient, he may add up to three additional pages. Smith's failure to comply with this requirement may result in sanctions, up to and including dismissal of this action. *See* General L.R. 83(f).

The third amended complaint must be filed by **July 23, 2021**. The third amended complaint will replace the prior complaints and must be complete in itself without reference to the prior complaints. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056-57 (7th Cir. 1998). In *Duda*, the appellate court emphasized that the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading." *Id.* at 1057 (citation omitted). If a third amended complaint is received, it will be screened as required by 28 U.S.C. §1915A. If Smith fails to file a third amended complaint by the deadline or fails to explain why he is unable to do so, the Court will dismiss this action based on the second amended complaint's failure to state a claim.

**IT IS THEREFORE ORDERED** that all defendants other than Griffith and Vanburne are **DISMISSED** pursuant to Fed. R. Civ. P. 21 because they are improperly joined in this action.

**IT IS FURTHER ORDERED** that on or before **July 23, 2021**, Smith may file an amended pleading curing the defects in his second amended complaint as described in this decision. Pursuant to Civil L.R. 9(b), **<u>Smith must use the Court's form to prepare his third amended complaint</u>**. If the space provided in the form is insufficient, he may add up to three additional pages. The clerk's office is directed to mail Smith a blank prisoner amended complaint form along with this order.

Dated at Green Bay, Wisconsin this 23rd day of June, 2021.

s/ William C. Griesbach
William C. Griesbach
United States District Judge
