UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

CORNELL SMITH,

    Plaintiff,

v.                                 Case No. 21-C-242

NICHOLAS SANCHEZ, et al.,

    Defendants.

---

## DECISION AND ORDER

Plaintiff Cornell Smith, who is serving a state prison sentence at Waupun Correctional Institution and is representing himself, filed this action pursuant to 42 U.S.C. §1983, alleging that his civil rights were violated. On October 5, 2021, Defendants Nicholas Sanchez and Thomas O'Neill moved for summary judgment on the ground that Smith failed to exhaust the available administrative remedies before he initiated this lawsuit. Dkt. No. 29. The Court will grant the motion as to Thomas O'Neill and deny the motion as to Nicholas Sanchez. The Court will also dismiss Smith's claims against Jane Doe Nurse.

## BACKGROUND

Smith asserts Eighth Amendment claims against Defendants in connection with an incident that occurred on July 2, 2017. Smith alleges that Sanchez improperly released an inmate from his cell and then watched the inmate chase and assault Smith before calling for help. He also alleges that, after officers responded and intervened, O'Neill pepper-sprayed him even though he was complying with orders. Finally, Smith alleges that an unidentified nurse refused to provide him

with medical care for injuries sustained from the inmate assault and being pepper sprayed. *See* Dkt. No. 24 at 5-6.

On the day of the incident, Smith received a conduct report for assaulting the other inmate. Dkt. No. 32-2 at 16. Smith contested the conduct report, and after a hearing on July 20, 2017, he was found guilty, given sixty days of disciplinary segregation, and ordered to pay restitution. *Id.* at 20-21. A few days later, Smith appealed the decision. *Id.* at 9. Smith argued, among other things, that he had to protect himself, in part, because Sanchez had improperly released the other inmate from his cell and then refused to push the panic button after the inmate began to assault Smith. *Id.* at 12. Smith asserted that the hearing officer had failed to address this issue. *Id.* at 13. On August 11, 2017, the warden affirmed the hearing officer's decision. *Id.* at 9.

On August 22, 2017, the institution complaint examiner (ICE) received inmate complaint WCI-2017-21390 from Smith. Dkt. No. 32-2. Smith asserted, in part, that Sanchez had abused his power by illegally releasing another inmate from his cell and then watching as the inmate attacked Smith. *Id.* at 7-8. The ICE rejected the inmate complaint the same day, noting that Smith's arguments were outside the scope of the inmate complaint review system (ICRS) because under Wis. Admin. Code §DOC 310.08(3) only the procedures used during the disciplinary process can be challenged through the ICRS. The ICE explained that an inmate cannot defend against the disciplinary charges through the ICRS; all defenses must be raised in the disciplinary proceedings. *Id.* at 4. The reviewing authority approved the ICE's recommendation and rejected the inmate complaint on August 22, 2017. *Id*. at 2-3. Smith asserts that, on September 2, 2017, he appealed the rejected inmate complaint to the warden's office. *See* Dkt. No. 41 at 36. Defendants assert that there is no record of the warden's office receiving Smith's alleged appeal. Dkt. No. 44 at ¶13; Dkt. No. 32-1.

2

Case 1:21-cv-00242-WCG   Filed 12/20/21   Page 2 of 6   Document 48

**LEGAL STANDARD**

Summary judgment is appropriate when the moving party shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In deciding a motion for summary judgment, the Court must view the evidence and draw all reasonable inferences in the light most favorable to the non-moving party. *Johnson v. Advocate Health & Hosps. Corp.*, 892 F.3d 887, 893 (7th Cir. 2018) (citing *Parker v. Four Seasons Hotels, Ltd.*, 845 F.3d 807, 812 (7th Cir. 2017)). In response to a properly supported motion for summary judgment, the party opposing the motion must "submit evidentiary materials that set forth specific facts showing that there is a genuine issue for trial." *Siegel v. Shell Oil Co.*, 612 F.3d 932, 937 (7th Cir. 2010) (citations omitted). "The nonmoving party must do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* Summary judgment is properly entered against a party "who fails to make a showing to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Austin v. Walgreen Co.*, 885 F.3d 1085, 1087–88 (7th Cir. 2018) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

**ANALYSIS**

The Prison Litigation Reform Act, which applies to this case because Smith was a prisoner when he filed his complaint, provides that an inmate cannot assert a cause of action under federal law "until such administrative remedies as are available are exhausted." 42 U.S.C. §1997e(1). According to the United States Supreme Court, exhaustion of administrative remedies must be done "properly" because "no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006). To properly exhaust administrative remedies, prisoners must file their inmate complaints and

3

Case 1:21-cv-00242-WCG    Filed 12/20/21    Page 3 of 6    Document 48

appeals in the place, at the time, and in the manner that the institution's administrative rules require. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002).

A Wisconsin inmate may use the inmate complaint review system (ICRS) to raise issues they have with staff actions. Wis. Admin. Code §DOC 310.08(1) (2014).[1] "An inmate shall file a complaint within 14 calendar days after the occurrence giving rise to the complaint . . . ." §310.09(6). However, an inmate may not use the ICRS to raise "[a]ny issue related to a conduct report, unless the inmate has exhausted the disciplinary process in accordance with ch. DOC 303." §310.08(2)(a). Further, after exhausting an issue through the disciplinary process, an inmate may use the ICRS to challenge only the procedures used in the disciplinary process. §310.08(3).

The Court can quickly dispose of Smith's claims against O'Neill and Jane Doe Nurse based on Smith's failure to exhaust the administrative remedies on those claims before initiating his lawsuit. Defendants have asserted that Smith did not file any inmate complaint alleging that O'Neill unnecessarily pepper-sprayed him or that a nurse refused to treat his alleged injuries. Smith has presented no evidence to the contrary. Further, Smith did not raise either of these issues during his disciplinary proceedings. Thus, because Smith failed to comply with the grievance process in connection with these claims, he did not properly exhaust his administrative remedies and those claims must be dismissed without prejudice.

However, the Court will deny Defendants' motion with regard to Smith's claim against Sanchez. Defendants argue that Sanchez failed to submit an inmate complaint within fourteen days of the incident as required by §310.09(6), but they neglect to acknowledge that under §310.08(2)(a), Smith could not use the ICRS to raise any issue related to a conduct report. Instead,

---

[1] Throughout their briefs, Defendants cite to the 2018 version of the Administrative Code. The Court cites to the 2014 version, which was in effect at the relevant time. The versions are largely identical substantively, although the provisions were reorganized.

4

inmates were instructed to raise issues related to a conduct report in the disciplinary process. Further, the Code prohibits inmates from raising in the ICRS any non-procedural issues addressed in the disciplinary proceedings. The evidence shows that Smith fully complied with these requirements.

Part of Smith's defense to the conduct report he received for allegedly assaulting another inmate was that he was forced to engage with the other inmate because Sanchez had improperly released the inmate from his cell and then failed to immediately react when the inmate chased and assaulted him. Thus, Smith's complaints about Sanchez' alleged failure to protect him were "related to a conduct report" and had to be raised in the disciplinary proceedings, not through the ICRS. Further, the parties agree that Smith exhausted this issue in the disciplinary proceedings by first raising the issue at his disciplinary hearing and then appealing the hearing officer's decision to the reviewing authority. Whether Smith failed to appeal the rejection of the inmate complaint he filed through the ICRS is irrelevant because §310.08(3) prohibited Smith from raising the issue through the ICRS. Thus, Smith did all that the Code required him to do when he exhausted his claim against Sanchez through the disciplinary proceedings. Sanchez' summary judgment motion on exhaustion grounds must be denied.

Finally, on December 6, 2021, Smith filed a motion for reconsideration of the Court's screening order. Dkt. No. 47. Smith asserts that he sufficiently alleged that three different wardens conspired over a ten-year period to prevent him from filing lawsuits. The Court has twice explained to Smith why his allegations are too vague and far-fetched to state a claim. *See* Dkt. No. 20 at 3-4; Dkt. No. 24 at 5. Accordingly, the Court will deny Smith's motion for reconsideration.

## CONCLUSION

For these reasons, the Court **DENIES in part** and **GRANTS in part** Defendants' summary judgment motion on exhaustion grounds (Dkt. No. 29). Smith's claims against Thomas O'Neill and the Jane Doe Nurse are **DISMISSED without prejudice**. Finally, the Court **DENIES** Smith's motion for reconsideration (Dkt. No. 47).

**SO ORDERED** at Green Bay, Wisconsin this 20th day of December, 2021.

s/ William C. Griesbach
William C. Griesbach
United States District Judge

6

Case 1:21-cv-00242-WCG   Filed 12/20/21   Page 6 of 6   Document 48