UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CORNELL SMITH,

        Plaintiff,

     v.                                   Case No. 21-C-242

NICHOLAS SANCHEZ,

        Defendant.

## DECISION AND ORDER

Plaintiff Cornell Smith, who is currently serving a state prison sentence at Waupun Correctional Institution and representing himself, is proceeding on an Eighth Amendment claim based on allegations that Defendant Nicholas Sanchez failed to protect him from another inmate. On March 28, 2022, Smith filed a motion to appoint counsel. Dkt. No. 66. He asserts that this case is complex, it is difficult for him to investigate his claim, his library time is limited, and he is being harassed. Smith states that he has written to several lawyers asking them to represent him, but they have not responded.

In a civil case, the Court has discretion to recruit a lawyer for individuals who cannot afford to hire one. *Navejar v. Iyola*, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. §1915(e)(1); *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866-67 (7th Cir. 2013). "[D]eciding whether to recruit counsel 'is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.'" *Henderson v. Ghosh*, 755 F.3d 559, 564 (7th Cir. 2014) (quoting *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014)). Accordingly, in exercising its discretion, the Court must consider

two things: "(1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so,' and (2) 'given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021) (quoting *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007)).

Smith has satisfied the first prong by making efforts to obtain counsel without the Court's help. But the Court will deny his motion to appoint counsel because Smith appears capable of representing himself at this stage of the case. When considering whether a plaintiff has the capacity to represent himself, the Court "must consider the plaintiff's literacy, communication skills, education level, litigation experience, intellectual capacity, psychological history, physical limitations and any other characteristics that may limit the plaintiff's ability to litigate the case." *Pennewell v. Parish*, 923 F.3d 486, 491 (7th Cir. 2019).

Contrary to Smith's characterization, this case is straightforward. It is a single claim against a single Defendant. Smith's assertions that this case involves complex due process and medical claims are incorrect. All claims other than his Eighth Amendment claim against Sanchez were dismissed at screening or because Smith failed to exhaust the available administrative remedies. *See* Dkt. Nos. 20, 48. Smith has personal knowledge of what allegedly happened, and he has repeatedly demonstrated in his filings that he is able to communicate what he remembers happening, why he believes what happened violated his constitutional rights, and what relief he wants.

Smith explains that he suffers from several mental health conditions, but these conditions do not appear to impact his ability to communicate or understand the issues in this case. His writing is clear and easy to understand, and his arguments are supported by relevant case law. Nothing suggests that he lacks the capacity to participate in discovery and serve requests on

2

Case 1:21-cv-00242-WCG    Filed 03/29/22    Page 2 of 4    Document 69

Sanchez to get the documents and information he believes he needs to prove his claims. Smith asserts that he is having trouble locating witnesses, but he does not explain what information witnesses may have that he does not have himself or that he cannot get from Sanchez through discovery. Discovery closes on May 20, 2022. If Smith believes he needs more time to complete discovery, he may file a motion requesting an extension of the deadline.

Smith also asserts that he is being harassed, but his allegations are directed at prison officials who are not defendants, so their alleged misconduct is irrelevant to determining whether Smith can represent himself in this case. Smith may raise his concerns through the inmate complaint system at his institution. Smith also states that, despite him explaining that he received no medical care, Sanchez asked him to sign a release allowing Sanchez to access Smith's medical records. Sanchez asking for Smith's medical records is not harassment. If Smith believes that the release is overbroad or unnecessary, he should raise his objections with opposing counsel.

Finally, Smith notes that his law library time is limited. But, as the Court observed, his filings contain numerous citations to case law, suggesting that the limited time he is allowed is sufficient. Further, Smith does not explain why he needs more law library time. The case is currently in the discovery phase, and neither discovery requests nor responses should contain legal arguments. The Court also reminds Smith that summary judgment rises or falls on whether there is a genuine dispute of material fact. The Court is familiar with the law and does not require Smith to explain the legal basis of his claim so much as to indicate which facts asserted by Defendant are in dispute. Smith knows the facts of his case, and unlimited access to the law library will not assist him in identifying which facts are in dispute.

In short, at this time, the Court finds that Smith is capable of representing himself. If new challenges arise that he does not believe he can overcome on his own, he may renew his motion.

3

Case 1:21-cv-00242-WCG   Filed 03/29/22   Page 3 of 4   Document 69

If he does so, he should be specific about what challenges he faces and what efforts he has made to overcome those challenges.

**IT IS THEREFORE ORDERED** that Smith's motion to appoint counsel (Dkt. No. 66) is **DENIED without prejudice**.

Dated at Green Bay, Wisconsin this 29th day of March, 2022.

s/ William C. Griesbach
William C. Griesbach
United States District Judge