UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

CORNELL SMITH,

        Plaintiff,

    v.                                            Case No. 21-C-242

NICHOLAS SANCHEZ,

        Defendant.

---

## DECISION AND ORDER

---

    Plaintiff Cornell Smith is a prisoner who is representing himself in this 42 U.S.C. §1983 action. On November 28, 2022, the Court granted Defendant's summary judgment motion and dismissed this case. A couple of weeks later, Smith filed a notice of appeal. On December 21, 2022, the Court denied Smith's motion for leave to appeal without prepaying the filing fee because he had, on at least three prior occasions while incarcerated, brought an action in federal court that had been dismissed on the grounds that it was frivolous, malicious, or failed to state a claim upon which relief could be granted. *See* Dkt. No. 124. The Court ordered that, if Smith wanted to proceed with his appeal, he had to pay the $505 appellate filing by January 4, 2023. The day before the deadline, Smith filed a motion to use funds in his release account to pay the appellate filing fee. He also filed a motion to stay the appeal. This decision resolves the motions.

    The Prison Litigation Reform Act (PLRA) applies to this case because Smith was incarcerated when he filed his complaint and appeal. That law requires the Court to collect filing fees from a "prisoner's account." 28 U.S.C. §1915(b). Wisconsin prisoners have two types of accounts, a general account and a release account. *Spence v. McCaughtry*, 46 F. Supp. 2d 861,

862 (E.D. Wis. 1999). "A release account is a restricted account maintained by the Wisconsin Department of Corrections to be used upon the prisoner's release from custody upon completion of his sentence." *Wilson v. Anderson*, No. 14-C-798, 2014 WL 3671878, at *3 (E.D. Wis. July 23, 2014) (citing Wis. Admin. Code § DOC 309.466). Although the Court can order disbursements from the release account for payment of the initial partial filing fee when a prisoner is proceeding *in forma pauperis*, the PLRA does not require the Court to invade that account so that a prisoner may pay the full filing fee. *See* 28 U.S.C. §1915(b). Nothing in the language of 28 U.S.C. §1915(b)(2) "can be interpreted as congressional intent that prisoners deplete savings or release account balances in order to pay off their filing fee debts." *Carter v. Bennett*, 399 F. Supp. 2d 936, 937 (W.D. Wis. 2005). Smith does not disclose the current balance of his release account but allowing him to use that account to pay the $505 appellate filing fee would likely reduce the value of that account by a significant percentage, thereby limiting the resources available to him upon his release.

Further, allowing a prisoner to pay his full filing fee out of funds from his release account would defeat the purpose of the PLRA's requirement that prisoners filing lawsuits pay the full filing fee over time or, when §1915(g) applies, pay the entire filing fee upfront. The legislative history of the PLRA shows that Congress intended "to reduce frivolous prisoner litigation by making all prisoners seeking to bring lawsuits or appeals feel the deterrent effect created by liability for filing fees." *Leonard v. Lacy*, 88 F.3d 181, 185 (2d Cir. 1996). This intent would be severely undermined by allowing prisoners to pay the full filing fee using funds to which they lack access in any event. Given this intent and the rationale for segregating funds into a release account, and absent federal statutory authority compelling such a result, the Court declines to order that Smith's appellate filing fee be paid from that account.

Finally, as to Smith's motion to stay his appeal, the Court cannot provide Smith with the relief he seeks. Smith must file his motion in the appellate court. This Court cannot do that for him.

**IT IS THEREFORE ORDERED** that Smith's motion for an order allowing him to pay the appellate filing fee with funds in his release account (Dkt. No. 127) is **DENIED**.

Smith is advised that this Court cannot provide him with the relief he seeks in his motion to stay (Dkt. No. 128). Smith must file his motion in the appellate court.

Dated at Green Bay, Wisconsin this 5th day of January, 2023.

s/ William C. Griesbach<br>
William C. Griesbach<br>
United States District Judge

3

Case 1:21-cv-00242-WCG   Filed 01/05/23   Page 3 of 3   Document 129